## WILLIAM F. MacLENNAN vs. YEE WO CHAN COMPANY, et al.

### July 12, 1904.

*Evidence.—Admissibility of:* Evidence explaining the meaning of an award of the Fire Claims Commission, whose appointment and powers were authorized and created by the Hawaiian Legislature, inadmissible in proceedings based upon such award.

*Same:* Evidence which takes issue with the findings of the Fire Claims Commission, inadmissible in such proceedings.

*Same:* Pencil memorandum made by the Fire Claims Commission on the back of a claim filed with it, and initialed by a majority of the members of the Commission, together with testimony of one of such Commissioners explaining the practice of the Commission in reference to such memorandum and the methods used and the principles adopted by the Commission in the consideration of the claims submitted to it,—admissible.

*Same:* Subrogation clauses in a policy of fire insurance and instruments which "assign, set over, transfer and subrogate" to insurers the "right, claims, interest, choses or things in action" to the extent of insurance paid, which the insured may have against other parties, with power of attorney to sue and compromise, admissible.

*Such Assignments Construed:* Such assignments held to be agreements for carrying out the principle of subrogation, against the contention of the insurers that they were absolute assignments.

*Equity of Subrogation:* Fire and maritime insurance policies are contracts of indemnity under which the insurer, after payment of loss, is entitled to recover from the insured, such amount as he may collect from third parties liable to him for such loss as is in excess of the actual loss sustained.

*Same.—No Fund Existing Subject to Such Equity:* The award of the Fire Claims Commission allowed the insured claimant the excess only of their ascertained losses, over the amounts received by it from the insurers. *Held,* there was no fund placed in the hands of the insured which is subject to the insurers' equity of subrogation. The case of *Burnand v. Rodocanachi,* 7 L. R. App, Cas. 333, compared.

In Equity: 'Interpleader.

Robert W. Breckons, for Plaintiff.

W. A. Whiting, J. J. Dunne, A. S. Humphreys and C. F. Clemons, for Defendant Yee Wo Chan Company.

Robertson & Wilder, for Defendant Insurance Companies.

DOLE, J. In the latter part of the year 1899, an epidemic of bubonic plague developed in Honolulu and continued for several months. The Board of Health during this period ordered the Fire Department to burn certain infected buildings. On the 20th of January, 1900, while the Fire Department, under orders of the Board of Health, was burning an infected building, other buildings caught fire accidently and such accidental fire was soon beyond the control of the Fire Department and a considerable portion of the town of Honolulu was destroyed before the flames were subdued. The Legislature of 1901 passed "An Act providing for the ascertainment and payment "of all claims which may be made by persons whose property "was destroyed by fire in the years A. D. 1899 and 1900, under "orders of the Board of Health." This Act provided for a commission of five persons who should investigate such claims and render decisions thereon, which decisions were by the Act made final and without appeal. The Act limited claims to those based upon the destruction of or direct damage to property by fire or removal, and excluded all claims for speculative or consequential damage or for loss of rent or use of property, or loss of property through the interruption of business. $1,500,000 were appropriated by this Act for the payment of such awards as might be rendered by said commission. On the 26th day of January, 1903, the Congress of the United States appropriated the sum of $1,000,000 "to pay in part judgments rendered under" the said Act of the Legislature of the Territory of Hawaii for property destroyed in suppressing the bubonic plague,

and also authorized the Territory of Hawaii to issue bonds for the payment in part of such judgments.

The plaintiff in this case was appointed by the Treasurer of the United States as its agent to disburse the said $1,000,000 and the same was deposited with him for such purpose. His bill is in the nature of a bill of interpleader and recites that there is in the possession of the plaintiff, for the purpose of paying in part a certain award made by the said Fire Claims Commission on the 24th day of May, 1902, in favor of Yee Wo Chan Company, one of the defendants herein, the sum of $15,989.81, which he is ready and willing to pay to the parties thereto entitled under the said award, but that all of the said defendants severally claim to be entitled to an interest in the said sum and threaten to bring actions against the plaintiff for the payment thereof; and prays for process against the said defendants compelling them severally to answer. The said award is as follows:

Record of Judgment from page 75, Volume 1, Fire Claims

Commission.

| "Date of Judgment. | Date of Filing Claim. | Name of Claimant. | Kind of Property alleged to have been destroyed or damaged. |
|---|---|---|---|
| "May 2, 1902. | May 28, 1901. | Yee Wo Chan Co. | Merchandise Buildings $77,703.78 |

"THE FACTS FOUND AND AMOUNT AWARDED BY THE COMMISSION.

"Upon the hearing herein it was found that the claimant "was the owner of the property claimed and that the same was "lost, damaged and destroyed in Honolulu under orders of the "Board of Health or in consequence thereof in the suppression "of Bubonic Plague and upon the evidence adduced, there is "hereby awarded upon this claim the sum of Twenty-three "thousand and five hundred fifty-five 75-100 Dollars, $23,555.75

"This claimant having subrogated to the following Insurance

"Co.'s, to-wit:

| "Name of Ins. Co. | | | | | | No. of Policy. | Amount. |
|---|---|---|---|---|---|---|---|
| "The Transatlantic Fire Ins. Co. | | | | | " | 1158 | $5,366.70 |
| "The Hamburg-Bremen Fire Ins. Co. | | | | | " | 9411 | 2,099.50 |
| " " | " | " | " | " | " " | 9338 | 3,144.00 |
| " " | " | " | " | " | " " | 9758 | 2,099.50 |

"This award is hereby made subject to the subrogation of this "claimant to said companies.

"F. W. MACFARLANE,

"A. N. KEPOIKAI,

"A. C. LOVEKIN,

"F. J. TESTA."

All the defendants filed answers to the said bill, Yee Wo Chan Company claiming to be entitled to the whole of the said sum of $15,989.81, the Transatlantic Fire Insurance Company claiming to be entitled to $5,366.70 of the said amount, and the Hamburg-Bremen Fire Insurance Company claiming to be entitled to the sum of $7,343.00 out of the said amount. All the answers recite the certificate of award of the Fire Claims Commission made to Yee Wo Chan Company on the 24th day of May, 1902, as follows:

"BILL AND CERTIFICATE OF AWARD.

"HONOLULU, May 24, 1902.

"TERRITORY OF HAWAII,

"FIRE CLAIMS COMMISSION,

"CLAIM OF YEE WO CHAN CO.

"Special Appropriation: FIRE CLAIMS COMMISSION—Awards "as provided by Act 15, Session Laws 1901.

                                              Amount
          "Claim.                             Awarded.

"To damage for loss of property destroyed by orders
    "of the Board of Health, or in consequence
    "thereof, in connection with suppression of
    "Bubonic Plague, A. D. 1899 and 1900........\$23,555.75

                "JUDGMENT AWARD NO. 75.

"It is hereby certified that the above amount is the
    "correct award as per Record of Judgments. This
    "claimant has subrogated to
"The Transatlantic Fire Ins. Co., policy No. 1158 for \$5,366.70
"    Hamburg-Bremen Fire Ins. Co.,  "     "  9411  "   2,099.50
"         "          "     "    "   "   "  "  9338  "   3,144.00
"         "          "     "    "   "   "  "  9758  "   2,099.50

    "This award is made subject to above subrogations.

        "By order of the Fire Claims Commission.

                          "J. M. RIGGS, Clerk."

    Yee Wo Chan Company claim an absolute award of \$23,-
555.75 and contend that the rest of said decision following the
award of that amount to Yee Wo Chan Company, which certi-
fies that "claimant has subrogated to the" defendant fire insur-
ance companies for certain amounts as set forth, and that "the
"award is made subject to above subrogations" is null and void
and forms no part of the judgment and award to Yee Wo Chan
Company; and that the defendant fire insurance companies are
in no way entitled to any part of the amount awarded to Yee
Wo Chan Company and have no just claim thereto in law, equity
and justice.   They further claim that the commission fixed the
loss of Yee Wo Chan Company at \$36,265.45 and deducted
therefrom the amount of insurance received from defendant in-
surance companies amounting to \$12,709.70 and awarded the
balance amounting to \$23,555.75 to Yee Wo Chan Company;

and that they suffered loss in excess of such award and insurance and claim that the defendant insurance companies are not entitled to be subrogated to any of said award or judgment until these defendants shall have been indemnified for their losses.

The Transatlantic Fire Insurance Company, in its answer, claims to be entitled to the said sum of $5,366.70 out of the said fund in the hands of the plaintiff, and alleges that the amount awarded to Yee Wo Chan Company was made by such award subject to the payment thereof to the said Transatlantic Fire Insurance Company, and that it had filed a claim before the Fire Claims Commission upon which such commission awarded it a judgment and certificate as follows:

"BILL AND CERTIFICATE OF AWARD.

"HONOLULU, Jun. 2, 1902.

"TERRITORY OF HAWAII,

"FIRE CLAIMS COMMISSION,

"CLAIM OF THE TRANSATLANTIC FIRE INS. CO.

"Special Appropriation: FIRE CLAIMS COMMISSION—AWARDS

"as provided by Act 15, Session Laws 1901.

|  | Amount Awarded. |
|---|---|
| "Claim. |  |
| "To damages for loss of property destroyed by orders "of the Board of Health, or in consequence there-"of, in connection with the suppression of Bubonic "Plague, A. D. 1899 and 1900................$........ |  |

"JUDGMENT AWARD NO. 1262.

"It is hereby certified that the above amount is the correct AWARD "as per Record of Judgments.

"No award made on this claim under Act 15 of the Session "Laws of 1901. See slip attached.

"Award is made to the following claimants subject to their "several Articles of Subrogation, viz:

| "No. of "claim. | Claimant. | Policy No. | Ins. Paid. |
|---|---|---|---|
| " 75 | Yee Wo Chan & Co. | 1158 | $5,366.70 |
| " 36 | Lam Chang Wa | 1115 | 2,113.50 |
| . "6152 | Sing Loy | 2031 | 1,052.17 |
| "6152 | Sing Loy | 1907 | 1,578.25 |

"By order of the Fire Claims Commission.

"J. M. RIGGS, Clerk.

"The above award payable within the terms of the Appropri-"ation, divided in three payments, as follows:

| "Date. | Payments. | Warrant Number. | Amt. Total. |
|---|---|---|---|
| "July 1, 1902 | 1st, Due Aug. 5, 1902. | A) | |
| "July 1, 1902 | 2nd, Due Aug. 5, 1903. | B) 1262 | |
| "July 1, 1902 | 3rd, Due Aug. 5, 1904. | C) | |

"Received .......... 190.., from the AUDITOR, *Warrants* "A., B. and C., number and amounts as per schedule herewith, "in full settlement of above award.

"....................
"...................."

The Hamburg-Bremen Fire Insurance Company makes a similar answer to the Transatlantic Fire Insurance Company, except that the amount which it claims out of the said $15,-989.81 is $7,343.00; it also recites a certificate of award under a claim filed by it before the Fire Claims Commission which is similar in character to the one referred to and set forth above.

Counsel for Yee Wo Chan Company introduced Mr. F. W. Macfarlane, who was a member of the Fire Claims Commission and stated that he proposed to prove by him the amount of the loss of such company as ascertained by the Fire Claims Commission, how much such company had received from the insur-

ance companies, and how the commission arrived at the amount of the award in favor of such company. He also offered a certain memorandum in pencil on the back of the claim of said company in the nature of a decision of the claim, together with evidence by Mr. Macfarlane explaining the methods of the court in reference to such memorandum; he also asked permission to introduce clauses in the policies of insurance under which payments had been made by the insurance companies to Yee Wo Chan Company, which he described as subrogation clauses; and also evidence to prove the full loss of such company. All of which was objected to by counsel for the insurance companies, but was allowed *pro forma,* subject to the future ruling of the court.

Upon consideration of the objections to the introduction of this testimony, I am of the opinion that all of such evidence, both direct and under cross-examination, which is in the nature of an explanation of the meaning of the award under which Yee Wo Chan Company claims the money in question or which takes issue with the findings of the commission as to the losses of the insured company, must be excluded from the consideration of this case, but the memorandum in pencil on the back of the claim and Mr. Macfarlane's testimony explaining the practice of the commission in reference to memoranda of this character, and the methods used and principles adopted by the commission in considering the large number of claims submitted to it, are relevant and material. The pencil memorandum is initialed by a majority of the commissioners and is dated, and represents a conclusion from which the award was made up. I consider it as much a part of the record as any written opinion or decision upon which a decree or judgment is based, in ordinary cases. The Fire Claims Commission was a court of limited jurisdiction created for a special and temporary service. It was not required, by the statute providing for it, to follow the rules of the common law in relation to the practice before it, but was allowed to exercise its discretion with a view to substantial justice. It

therefore became pertinent to the issue before this court to have information as to the principles and methods under which the commission acted and reached its award. The following is a copy of the pencil memorandum referred to:

"Exhibit A—Award ...........................$31,245.45
"Exhibit B—Fixtures ........................    870.00
"Schedule C—1st item  ............$3,500.00
     "        2nd  "   ............   300.00
     "        3rd  "   ............   350.00    4,150.00
                                              _____
     "                                        $36,265.45

"Less Insurance, viz:

     "        9758
"H. Brem. No. 9727 ...............$2,099.50
     "        9338
     "        9744 ...............  3,144.00
     "        9411
     "        9758 ...............  2,099.50
"Transatlantic 1158 ...............  5,366.70
     "                                        _____
                                              $12,709.70
                                              _____
     "                                        $23,555.75
"Total award as above ..............          $23,555.75
     "May 2, '02.

                              "A. C. L., F. W. M.,
                                  "A. N. K."

In regard to the clauses of subrogation in the insurance policies, the one taken from the Hamburg-Bremen policies has some bearing on the issue, in that the articles of subrogation to these companies and which are relied on by them, would appear to be based on this clause, and this I think, would entitle it to be used in evidence. The clause taken from the Transatlantic policy being conditioned upon payment of a policy to a mortgagee, which is not the case before the court, has no relation to

the present issue and must be excluded. The admitted clause of subrogation is as follows:

"Clause 15. Whenever the company shall pay any loss the "insured shall assign to it, to the extent of the amount so paid, "all rights to recover satisfaction for the loss or damage from "any person, town, corporation, excepting other insurers."

Counsel for the insurance companies offered in evidence the original claims of the insurance companies before the Fire Claims Commissioners, also the decisions thereon; and certain documents respectively entitled "Articles of Subrogation," signed by the insured company in favor of the respective insurance companies. These were objected to by counsel for Yee Wo Chan Company and were allowed *pro forma* subject to the later ruling of the court. I am of the opinion that they all should be admitted as relevant to the issue. Counsel for Yee Wo Chan Company objected to the admission of the claims of the insurance companies, on the ground that they are "immaterial, in-"competent and irrelevant and for lack of jurisdiction in the "Fire Claims Commission either to entertain or to make any "award on any such claim." But the commission was compelled to consider such claims in order to dismiss them, and its decision dismissing them is a record; moreover, it is a question if it did not have jurisdiction. Such decisions include supplementary notes, evidently referring to the awards made in favor of claimants to whom the insurance companies had paid insurance, as follows: "Award is made to the following claimants subject "to their several subrogations (or to their several articles of "subrogation), viz.:" then follows a list of claimants, a statement of the policy numbers of their respective policies, and the respective amounts to which they were subrogated. Among these claimants the firm of Yee Wo Chan Company appears. These notes, considered merely as memoranda referring to the award in favor of Yee Wo Chan Company, have a relation to the issue in the case that gives them, with the decision to which they are attached, some relevancy, though it must be admitted

that their value is slight. These decisions dismissing the claims of the insurance companies, with the supplementary memorandum referred to, may have another relevancy to the issue, in that the memorandum may have been inserted in response to the petition of the insurance companies to be allowed to intervene and prosecute as co-claimants with Yee Wo Chan Company.

The articles of subrogation above referred to are filled out on printed blanks. The following copy of the one to the Transatlantic Fire Insurance Company is like all the others so far as the questions before the court are affected. The other three policies so far as appears in these articles were settled without suit.

"ARTICLES OF SUBROGATION.

"BE IT KNOWN, that the Transatlantic Fire Insurance Com-
"pany, of Hamburg, Germany, did insure Yee Wo Chan & Co.
"under its policy No. 1158 Renewal Receipt No. 2883 issued at
"its Honolulu, H. I. Agency, as follows: against loss or damage
"by fire to the amount of Five thousand dollars on the entire
"stock of Chinese silks, dry goods, provisions and all other mer-
"chandise contained in the two story brick and iron roofed
"building situate on the south east side of Maunakea Street
"above King Street, the second store from the corner in the
"City of Honolulu, Oahu, H. I., occupied by the insured as
"general store, for one year, commencing on the 25th day of
"October, 1899, and continuing until the 25th day of October,
"1900.

"FURTHER, that on the 20th day of January, 1900, a fire
"occurred, by which the property so insured was damaged, or
"destroyed to the amount of upward of Forty-five thousand dol-
"lars and more. Said fire having spread from a fire caused by
"the order of a civil authority, to-wit: the Board of Health,
"and said Yee Wo Chan & Co. having recovered judgment in
"First Circuit Court for $5,137.50 and attorneys costs and
"$144.45 on August 30, 1900, and interest is due from August

"31, to December 8th, 1900, 3 mo. 9 d. amounting to $84.75
"(costs of court $20 already paid into court by the Co.)

"Now, THEREFORE, Yee Wo Chan & Co. in consideration of
"Five thousand three hundred sixty-six 70-100 dollars to them
"in hand paid by the said Transatlantic Fire Insurance Com-
"pany, of Hamburg, Germany, in full settlement of their judg-
"ment claim against said company, by reason of said loss, dam-
"age and policy of insurance, do hereby assign, set over, trans-
"fer and subrogate to the said Transatlantic Fire Insurance
"Company, of Hamburg, Germany, all the right, claims, inter-
"est, choses or things in action, to the extent of Five thousand
"three hundred and sixty-six and 70-100 dollars paid as afore-
"said, which they may have against the Territory of Hawaii,
"or any other party, person or corporation, who may be liable,
"or hereafter adjudged liable for the burning or destruction of
"said property, and hereby authorize and empower the said
"Transatlantic Fire Insurance Company, of Hamburg, to sue,
"compromise or settle in their name or otherwise, and it is here-
"by fully substituted in their place, and subrogated to all their
"rights in the premises to the amount so paid. It being ex-
"pressly stipulated, that any action taken by said company shall
"be without charge or cost to said Yee Wo Chan & Co.

"YEE WO CHAN & Co.     (Seal)
"By WONG CHOW.     (Seal)

"WONG CHOW.     (Seal)

"Signed, sealed and delivered
    "in presence of
        "W. J. ROBINSON.
    "Dated, Honolulu, Dec. 10th, 1900."

The insurance companies claim an interest in the fund in
question by reason of the documents referred to as articles of
subrogation, a sample of which has already been given. They
say that they do not claim under the law of subrogation but
solely by virtue of these documents which they say assign them
the whole interest of Yee Wo Chan Company in its award to

the extent of the amounts paid by them to such company under the insurance policies. This contention raises the following question:—are these articles of subrogation provisions in accordance with and to carry out the law of subrogation in such cases or were they intended by both parties to them as absolute assignments of the interests of the insured to the extent of the amounts received by them from the insurers?

The equity of subrogation as applied to insurance cases is well understood. Fire insurance policies are contracts of indemnity and the general rule is as follows as stated in *4 Joyce on Insurance,* Sec. 3537, and cases following:

"If the insurer pays to the insured the amount of the loss, the former will be entitled to be subrogated to all the rights which may exist in behalf of the insured against third parties who may be liable to the insured in any way for the loss. And if, subsequent to the payment of the loss by the insurer, third parties, who are liable therefor to the insured, pay to the latter a sum in settlement of the claim against them, the insurer may recover from the insured such an amount as may be in excess of the actual loss sustained by him."

"Where the assured, as in case of partial insurance, sustains a loss in excess of the reimbursement or compensation of the underwriter, he has an undoubted right to have it satisfied against the wrong-doer. But if, by such action, there comes into his hands, any sum for which, in equity and good conscience, he ought to account to the underwriter, reimbursement will, to that extent, be compelled in an action by the latter, based on his right in equity to subrogation. But the assured will not, in the forum of conscience, be required to account for more than the surplus, which may remain in his hands after satisfying his own excess of loss in full, and his reasonable expenses incurred in its recovery; unless the underwriter shall, on notice and oportunity given, have contributed to, and made common cause with him, in the prosecution." *Newcomb, et al. v. Cincinnali Ins. Co.,* 22 Ohio St.; 388; *Dunham v. Insurance Co.,* 1 Lowell,

253; Fed. Cas. No. 4152; *Chicago, etc. R. R. Co. v. Pullman Car Co.,* 139 U. S. 87.

This right of subrogation does not usually "depend upon contract but arises out of the equities of the case. The liability of the insurer is not a primary one. Primarily the one liable is he by whose negligence the loss is caused. The insurers' portion is practically that of surety and as such if he pays the loss or a part thereof he is entitled to be subrogated to the extent of the amount paid." *4 Joyce on Insurance,* Sec. 3574.

Although according to this authority, the right of subrogation does not depend upon contract, yet contracts are sometimes made for such a right especially in insurance policies. In the case before the court the policies of the Hamburg-Bremen Fire Insurance Company contain such a stipulation. It does not appear that the policy of the Transatlantic Fire Insurance Company contains any such stipulation except in reference to mortgagees. In both cases, however, upon the payment of the loss to Yee Wo Chan Company, this company executed and delivered documents which have been referred to as articles of subrogation, which use these words: "assign, set over, transfer and subro-"gate" to the insurance company "all the right, claims, interest, "choses or things in action to the extent of * * * dollars "paid as aforesaid, which they may have against the Territory "of Hawaii or any other party, person or corporation who may "be liable or hereafter adjudged liable for the burning or "destruction of said property, and hereby authorize and em-"power the said" insurance company "to sue, compromise or "settle in their name or otherwise, and it is hereby fully sub-"stituted in their place and subrogated to all their rights in the "premises to the amount so paid."

These articles assign such claims or choses in action, as the assignors might have against the Territory of Hawaii or any other party, person or corporation who might be liable or thereafter adjudged liable for the losses in question. The assignee.—the insurance companies in this case, brought their claims under

such assignment before the Fire Claims Commission and were denied an award and were referred to their rights of subrogation from Yee Wo Chan Company. The claim of Yee Wo Chan Company had, in the meantime, been heard and an award made "subject to the subrogation of this claimant" to the insurance companies, such award giving Yee Wo Chan Company an amount equal only to the excess of their losses over the payments they had received from the insurance companies. This course has destroyed the remedies of the insurance companies under their equity of subrogation, whether by the assignments or otherwise, for by the refusal of the commission to award them anything under their claims, the claims and choses in action assigned to them have failed to materialize; and by the action of the commission in awarding Yee Wo Chan Company merely the excess of their loss over the amounts received by them from the insurance companies, so that the aggregate amount received by Yee Wo Chan Company from the insurance companies and the Territory, equals the amount of their loss and no more, no fund has been placed in the hands of Yee Wo Chan Company which is subject to the right of subrogation of the insurance companies. The contention of the insurers that these assignments have transferred to them as much of the award that has been made to the insured, as will equal the amount they have paid on their policies, is untenable under these circumstances, according to the authorities cited above; moreover, the assignments do not purport to do more than assign things in action. The allegation in their answer that the amount awarded to Yee Wo Chan Company was made by such award subject to the payment back to them of the insurance money paid by them to such company, does not conform to the words of the award, which makes it "subject to the subrogation of this claimant" to the insurance companies.

The case of *Burnand v. Rodocanachi,* 7 L. R. App. Cas. 333, is very similar in its circumstances to the case before this court. The plaintiff had insured the defendants' ship which was after-

wards destroyed by the Confederate cruiser, the Alabama, and had paid the loss and was subrogated to their rights. The court held that the United States not being liable to ship owners for their losses, could pay out the fund received under the treaty of Washington, as it pleased, that is, it was under no obligation to those who suffered from depredations of Confederate cruisers. By the Act creating the Court of Commissioners of Alabama Claims, no compensation could be awarded on account of losses covered by insurance but only for excess of loss over insurance or where there was no insurance. Nor could compensation be allowed insurers under the Act except in the extreme case where their aggregate losses under war risks during the civil war were greater than their gains. *18 U. S. Stat. at Large,* part 3, p. 247. The court decided the case against the plaintiff because under this statute, there was no fund out of which losses covered by insurance could be paid; the right of subrogation was ineffectual for want of a fund to which it could apply, both as to losses collected by defendants and the absence of privilege in the plaintiff to press his claim against the United States.

The case before this court is affected by similar conditions. The Territory of Hawaii became possessed of a fund for the payment of losses caused by the Board of Health fires, etc. It was under no legal obligation to those who had suffered such losses. Through the Fire Claims Commission, its agent, the government of the Territory did substantially what the United States did through its Congress, i. e., refused to pay for losses covered by insurance and refused to entertain the claims of insurers, whereby the equity of subrogation on the part of the insurance companies became of no avail for the same reasons as in *Burnand v. Rodocanachi*—the absence of a fund to which it could apply, both as to losses collected by Yee Wo Chan Company and the refusal of the Fire Claims Commission to entertain the claims of the insurance companies.

The pencil memorandum on the back of the claim of Yee Wo Chan Company and admitted in evidence, furnishes important

information in regard to the award to Yee Wo Chan Company. First a preliminary award on account of the different classes of property, amounting to $36,265.45, from which was deducted the aggregate amount of insurance received,—$12,709.70, leaving a balance of $23,555.75, the final award in favor of Yee Wo Chan Company. This is the amount of the award in the record of judgment, which, however, contains the following note after the words of the award:—"This claimant having subrogated to the following Ins. Cos., to-wit:" naming the insurance companies in this case, the numbers of the policies and the amounts insured, "this award is hereby made subject to the subrogation of this claimant to said companies."

Exactly what the commission meant by these words is not very clear. Each of the insurance companies filed a claim with the commission and also a petition to be allowed to intervene. The claims were refused June 2nd, 1902, in the following words, in the Hamburg-Bremen case: "No award made on this "claim under Act 15, Session Laws of 1901. The award is "made to the following claimants subject to their subrogation." Then follows the names Yee Wo Chan Company and those of other claimants, not in this case, with the list of the policies and the respective amounts thereof. This was a month after the award to Yee Wo Chan Company; it is therefore most probable that the words last quoted referred to such award which contained words making it subject to Yee Wo Chan Company's subrogation to the insurance companies. It does not appear that the petitions to be allowed to intervene were heard or considered at all.

It seems most probable that the commission desired in its reference to subrogation in the award to Yee Wo Chan Company, to make the award subject to whatever right the insurance companies may have had under their articles of subrogation, without any definite idea of the extent of such rights, leaving the settlement thereof to the parties and the regular courts.

The insurance companies have shown no interest in the award

to Yee Wo Chan Company and it was through no fault of the latter that their equities of subrogation have become of no avail. They enjoyed their right of subrogation so far as the insured could vest it in them and have exhausted their remedies under it as it turns out, without favorable results. The money in question amounting to $15,989.81, has, since the beginning of these proceedings, been deposited in this court subject to the decision of this case.

In accordance with the foregoing considerations, judgment may be entered for Yee Wo Chan Company with costs.